Kiernozek v. Federal National Mortgage Association

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 3rd day of November, two thousand sixteen.

PRESENT:
> ROBERT A. KATZMANN,
> *Chief Judge,*
> RICHARD C. WESLEY,
> SUSAN L. CARNEY,
> *Circuit Judges.*

---

GREGORY KIERNOZEK,

     *Plaintiff-Appellant*,

     v.                       15-2976

FEDERAL NATIONAL MORTGAGE ASSOCIATION, AKA FNMA, AKA FANNIE MAE, BANK OF AMERICA, as an aider and abettor,

     *Defendants-Appellees*.

---

FOR PLAINTIFF-APPELLANT:          Gregory Kiernozek, pro se, Albany, NY.

1

FOR DEFENDANTS-APPELLEES: Suzanne M. Berger & Scott Harris Kaiser, Bryan Cave LLP, New York, NY.

Appeal from a judgment of the United States District Court for the Northern District of New York (Sharpe, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Gregory Kiernozek, proceeding pro se, appeals from the district court's judgment dismissing his second amended complaint against defendants-appellees the Federal National Mortgage Association and Bank of America (collectively "defendants") pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. Kiernozek alleged that defendants engaged in fraud and intentional misconduct, negotiated in bad faith, and discriminated against him on the basis of his disability and ethnicity in connection with a home loan modification offer that he rejected. We assume the parties' familiarity with the underlying facts and the procedural history of the case.

"We review *de novo* a district court's dismissal of a complaint pursuant to Rule 12(b)(6), construing the complaint liberally, accepting all factual allegations in the complaint as true, and drawing all reasonable inferences in the plaintiff's favor." *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152 (2d Cir. 2002). To survive a motion to dismiss under Rule 12(b)(6), the complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009). A claim will have "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556

2

U.S. at 678. Although all allegations contained in the complaint are assumed to be true, this tenet "is inapplicable to legal conclusions." *Id.* "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," and pleadings that "are no more than conclusions . . . are not entitled to the assumption of truth." *Id.* at 678–79.

Here, upon de novo review of the record and in light of the above principles, we conclude that the district court properly dismissed Kiernozek's second amended complaint. We therefore affirm for substantially the reasons stated by the district court in its thorough and well-reasoned August 24, 2015 memorandum and order.

We have considered all of Kiernozek's arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

3